(75 App. Div. 21.)

## HALL v. STOWELL.

(Supreme Court, Appellate Division, Fourth Department.   July 8, 1902.)

1. BUILDING ASSOCIATIONS—CONTRACTS—USURY.

A borrower from a building association borrowed $2,250, paying a 10 ·per cent. premium for the loan.  She paid $1 per share premium for the stock, and agreed to pay on the 1st of every month $19.80 until the loan was paid, such monthly payment being made up, of $12.38 interest at 6 per cent. on the loan and premium and 30 cents per share, or $7.24, to apply in payment for the stock.   *Held* that, such agreements having been legalized by statute, the loan would not be held usurious.

2. SAME—INSOLVENCY OF ASSOCIATION—RECEIVER—SETTLEMENT WITH BORROWER.

When a building association goes into the hands of a receiver, a borrower is released from compliance with the terms of his loan, and there must be an equitable adjustment between him and the association.

3. SAME—CREDITS.

Where a building association goes into the hands of a receiver, a borrower is to be charged with the money received and legal interest, and credited with such payments as are referable to the loan itself, and not to the stock.

Action by Alfred B. Hall, as receiver of the Manhattan Real Estate & Loan Company, against Catherine E. Stowell.   Submission of controversy pursuant to Code Civ. Proc. § 1279.   Judgment for plaintiff.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

J. N. Tuttle, for plaintiff.
B. B. Aylesworth, for defendant.

WILLIAMS, J.   Judgment should be ordered for plaintiff for $392.25, with interest from July 1, 1901, with costs.

August 24, 1899, the defendant desired to borrow $2,250 from the corporation of which the plaintiff is now the receiver, and to give her bond therefor, secured by a mortgage upon real estate owned by her, situated in the county of Onondaga, state of New York.   She made her application therefor, and offered a premium of 10 per cent. thereof for the loan.   The loan, $2,250, and the 10 per cent. thereof, $225, amounted to $2,475.   The defendant took 24¾ shares of stock in the corporation, of the par value of $2,475, known as "Class C" stock. She paid $1 per share premium therefor ($2,475), and agreed to pay on the 1st day of each month 80 cents per share of stock ($19.80) until the loan was fully paid, as provided by the rules and regulations of the corporation.   This 80 cents was made up of 50 cents per share ($12.38) interest at 6 per cent. on the $2,475, and 30 cents per share ($7.24) to apply in payment for the stock.   August 25, 1899, the bond and mortgage were made and delivered, and the stock assigned as additional collateral to the loan.   The defendant received in cash only $450, and the corporation assumed and agreed to pay a prior mortgage of $1,800 on the property, drawing interest at 5 per cent.   The defendant

¶ 3. See Building and Loan Associations, vol. 8, Cent. Dig. §§ 63, 66.

then paid monthly the $19.80 from September 1, 1899, to June 30, 1901, both inclusive, amounting to $435.60. The corporation paid the interest on the $1,800 mortgage from September 1, 1899, to July 1, 1901, amounting to $165. A temporary receiver of the corporation was appointed July 15, 1901, and soon thereafter the corporation was dissolved, and a permanent receiver was appointed, and directed to ·close up the affairs of the corporation. The defendant never made default in any respect up to the time the temporary receiver was appointed. ·The withdrawal value of the stock when the receiver was appointed was $163.24, and the estimated value of the stock when the affairs of the corporation were closed up $32.64. Leaving out unnecessary details, the foregoing fairly represents the facts appearing from the submission.

We are not inclined to hold the loan usurious. It was an exorbitant compensation agreed to be paid for the use of the money, considering all the payments to be made by the defendant; but the legislature has legalized such agreements, and, if parties will enter into them, they must take the consequences. It seems to be well settled, however, that when the corporation making the loan goes into the hands of a receiver, and it is no longer able to carry out the agreement, the borrower is relieved also from compliance with the terms thereof, and an equitable adjustment between the parties· must be made. In such cases the better rule seems to be that the borrower ·be charged with the money received from the corporation and the legal rate of interest thereon, and be credited with such payments as are referable to the loan itself, and not to the stock. This rule is based upon the theory that the relation of a member as a shareholder and a ·borrower are separate and distinct; that as shareholder he should· bear his proportionate share of the loss, but as borrower he should have the benefit of the· rescission of the contract, and should repay what he has received, less what he has paid on account thereof. Strohen v. ·Association, 115 Pa. 273, 8 Atl. 843; Post v. Association, 97 Tenn. 408, 37 S. W. 216, 34 L. R. A. 201; Endl. Bldg. & Loan. Ass'ns (2d Ed.) §§ 514, 515, 531; Bank v. Whitmore, 25 App. Div. 491, 49 N. Y. Supp. 862; Hannon v. Cobb, 49 App. Div. 480, 63 N. Y. Supp. 738; Breed v. Ruoff, 54 App. Div. 142, 66 N. Y. Supp. 422, and many cases ·in other states.

| | | |
|---|---|---|
| Here the defendant received only......... | | $450 00 |
| She paid interest thereon to July 1, 1901. | | |
| She paid 6 per cent., while the corporation paid only 5 per cent., on $1,800 mortgage for 10 months, the excess amounting to.. | $33 00 | |
| And she paid interest for 10 months on the premium of $225...................... | 24 75 | |
| | | 57 75 |
| Leaving balance due plaintiff............ | | $392 25 |

—To which should be added interest from July 1, 1901, at 6 per cent. By this method of adjustment the defendant loses the $24.75 paid originally upon her stock, and also the $7.42 paid by her each month for 10 months upon the stock. She is allowed, however, all her coun-

sel asks for her in his brief submitted upon the argument, and substantial justice and equity are apparently done in the premises.

Judgment should be ordered for the plaintiff against the defendant for $392.25, with interest from July 1, 1901, with costs. All concur.