(77 App. Div. 580.)

### RIGGS et al. v. CARTER et al.

(Supreme Court, Appellate Division, Third Department. December 9, 1902.)

1. BUILDING AND LOAN ASSOCIATIONS — INSOLVENCY — MORTGAGES—FORECLOSURE—ADJUSTMENT OF RIGHTS.

Where a building association became insolvent and went into the hands of a receiver, a member who had given a mortgage to secure a loan from the association was relieved from complying with the terms of his contract, and an equitable adjustment of the amount due between the parties should be made as of the date of the appointment of the receivers.

2. SAME—ACTION TO FORECLOSE—RIGHTS OF MEMBER—DIVIDEND—PROOF.

Where, in an action by receivers of an insolvent building association to foreclose a mortgage against a member, the member made no proof as to the value of his stock, or as to the probable dividend which would be ultimately paid from the assets, the court was not required to adjust the equities between the parties, but properly granted foreclosure, leaving the member's claim against the association unadjusted.

Appeal from special term, Albany county.

Action by Edward G. Riggs and another, as receivers of the Republic Savings & Loan Association, against Myron Carter and others, for the foreclosure of a mortgage. From a judgment directing foreclosure and sale, defendants appeal. Affirmed.

The Republic Savings & Loan Association, a domestic corporation, was organized in 1890. The plaintiffs were appointed temporary receivers of said association on the 29th day of June, 1900, and the association was dissolved and the plaintiffs were appointed permanent receivers on the 1st day of March, 1901. The defendant Myron Carter on the 9th day of June, 1897,

became a member of said association, and the owner of 12 shares of stock therein. On the 18th day of September, 1897, said Carter executed to the association a bond and mortgage dated on that day. The mortgage contained a condition as follows: "This grant is intended as a security for the payment of the sum of one thousand ($1,000) dollars advanced by said association to said parties of the first part upon twelve (12) shares of the stock of said association * * * upon the terms and conditions of the articles of association thereof, and the interest thereon to be computed from the date thereof at and after the rate of six per cent. per annum, and a monthly premium of four $80/100$ dollars for the cash advanced on the maturity value of the said shares, and the sum of six dollars for the monthly dues on said shares, and all fines which may be imposed by said association for default in payment of the said interest, premium, and dues." On the same day said Carter assigned and transferred to said association his 12 shares of stock in said association as collateral security for the payment of the debt mentioned in said bond and mortgage. At the time of the appointment of said temporary receivers, said Carter was in default in the payment of dues to the extent of $78, in the payment of premiums to the extent of $71, and in the payment of fines to the extent of $32.10, and no payments have since been made on account of said stock or mortgage. The plaintiffs commenced this action to foreclose said mortgage, and the defendant Carter interposed an answer by which he denies that he is indebted for any dues, premiums, and fines unpaid at the time the temporary receivers were appointed; and he also alleges that he is entitled to be credited on account of said mortgage with the amount of all premiums and fines theretofore paid by him, and he also alleges that he is entitled to be credited on account of his mortgage with the present value of the amount theretofore paid by him as dues upon said 12 shares of stock. The court rendered a judgment for the foreclosure and sale of the premises described in the mortgage, and for the payment to the plaintiffs of $1,000, the principal of the mortgage, together with the amount of premiums and fines unpaid at the time when the temporary receivers were appointed, and also for the amount of insurance premiums paid, as provided by the terms of the mortgage and interest.

Argued before PARKER, P. J., and KELLOGG, SMITH, and CHASE, JJ.

Toohey & Hickey, for appellants.
Hasbrouck & Johnson, for respondents.

CHASE, J. The appellant and respondents are not simply debtor and creditors. The relation between them is different from the usual relation between mortgagor and mortgagees. Appellant first became a member of the association, and as a member he was obligated to pay certain dues, and was subject to certain fines. His stock was payable at maturity. Its maturity depended upon the profits of the association, some portion of which was derived from premiums paid by borrowing members. When appellant gave his bond and mortgage, the association simply advanced money to him on account of the maturity value of his stock, and he agreed to pay interest thereon, and also a premium for the privilege of obtaining the loan. The mortgage was given to secure payment of the interest and premium, and also the other payments required of appellant as a member. The advance to him on account of the maturity value of his stock did not change his relation to the association as a member. There is no dispute in regard to the payments of interest, or as to the same being properly applied upon the mortgage. When the association went into the hands of receivers, and was no longer able to carry out the con-

tract with appellant, he was relieved from compliance with the terms of the contract, and an equitable adjustment between them must be made. Hall v. Stowell, 75 App. Div. 21, 77 N. Y. Supp. 953. See Breed v. Ruoff, 54 App. Div. 142, 66 N. Y. Supp. 422; Hannon v. Cobb, 49 App. Div. 480, 63 N. Y. Supp. 738. The receivers represent all the members of the association, and for the purpose of an equitable adjustment the members should all be relieved from their contracts at the same date, and such date manifestly should be the date on which the receivers were first appointed.

The payments of interest seem to be the only ones made by appellant referable to the loan itself. The appellant, along with the other members, obtains credit for all other payments, by such payments swelling the general assets of the association. Had the association continued in business, appellant would have received his return for such payments when the stock matured. The trial court did not charge the appellant with unpaid dues, and it is not necessary for us to consider any question relating thereto. The mortgage, by express terms, was given to secure, among other things, the payment of premiums and fines. At the time the temporary receivers were appointed, the unpaid fines and premiums were due and owing under the terms of the mortgage; and payment thereof must be made, or in some manner adjusted, to put the appellant on the same basis as the other members of the association who have paid their premiums and fines to the time of the receivership.

The appellant is undoubtedly entitled to receive his proportionate share of the net assets of the association when the same shall be divided. It may well be that equity would require that the value of his stock should be at least approximately determined in this action, to the end that the appellant should be relieved from his mortgage to the extent of his interest in the assets of the dissolved corporation. Referring to this subject, it is said in Breed v. Ruoff, supra:

"On the other hand, here may well be a hardship worked by a disregard of the equity that should strike a balance between his debt and his dividend. If the receivers, by marshaling assets and liabilities, and by allowing for expenses, cannot determine, they can at least approximate, the prospective value of each share of stock, and hence the probable dividend due each shareholder, sufficient for the purpose at hand."

The trouble in this case is that the defendant did not present to the court any facts whatever relating to the dissolved corporation, or the assets remaining in the hands of the plaintiffs, applicable for distribution among the members. In the absence of any proof upon the subject, or any request in regard thereto, the court was not required to adjust such equity as between the parties hereto. The judgment of the trial court must therefore be affirmed, and the appellant, instead of having such dividend, if any, applied upon his mortgage, must await its payment at some future time.

Judgment should be affirmed, with costs. All concur.