(101 App. Div. 365)

### INGERSOLL et al. v. WELD et al.

(Supreme Court, Appellate Division, First Department. February 10, 1905.)

1. INTERVENTION—WHO ENTITLED—PARTIES.

　　A party to an action is entitled to notice of all proceedings in the action, either before a referee or before the court, and may appear and protect any interest he may have, affected by such proceedings, without obtaining leave to intervene from the court, so that a motion by him to be permitted to intervene is properly denied.

　　Appeal from Special Term, New York County.

　　Action by Charles D. Ingersoll and others, as executors, against Robert Weld and another. From an order denying the motion of defendant Weld for leave to intervene in an accounting between plaintiff and the other defendants, said Weld appeals. Affirmed.

　　See 88 N. Y. Supp. 711.

　　Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

　　T. F. Byrne, for appellant.

　　A. Stickney, Jr., for respondent executors.

　　D. Edwards, for other respondents.

　　---

(101 App. Div. 562)

### BERTIN v. FALLON.

(Supreme Court, Appellate Division, First Department. February 10, 1905.)

1. BUILDING AND LOAN ASSOCIATIONS—RIGHTS OF BORROWING MEMBERS—FORFEITURE—DEFAULT.

　　Where the contract between a building and loan association and a borrowing member authorized the association to re-enter the premises if any rents should be due and unpaid for a period of 60 days, the failure of a member to pay the rents due on the first days of 2 successive months did not terminate his rights under the contract until 60 days had elapsed from the date of the first default; nor was his right to damages for a breach of contract by the association forfeited if he made the required payments before the expiration of the 60-day period.

2. SAME—INSOLVENT ASSOCIATIONS—DISCHARGE OF MEMBER'S LIABILITY.

　　Where a building and loan association was insolvent, and a receiver was appointed, so that it had become incapable of proceeding under its contract with a member, and the member's property had been sold on mortgage foreclosure, so that the receiver, even if he had the right, had no longer the power, to give the deed which the association had contracted to give, the member was relieved from the necessity of making further payments under his contract, or of further performing the same.

3. SAME—WINDING UP OF ASSOCIATION—ADJUSTMENT OF EQUITIES.

　　The equities existing between an insolvent building and loan association and a borrowing member, its contract with whom the association can no

longer perform, cannot be determined until the assets of the association have been marshaled and its liabilities ascertained; and, until that time, proof of the improvements put upon the premises by the member is premature.

Appeal from Judgment on Report of Referee.

Foreclosure proceedings by Alfred F. Bertin against Charles M. Preston, as receiver of the New York Building Loan Banking Company, and John M. Fallon and another. From an order confirming the report of a referee on the distribution of the surplus moneys arising from the foreclosure sale, defendant Fallon appeals. Modified.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, Mc-LAUGHLIN, and LAUGHLIN, JJ.

Emanuel Van Dernoot, for appellant.
Charles W. Dayton, Jr., for respondent.

McLAUGHLIN, J. The New York Building Loan Banking Company, a domestic corporation, on the 7th of November, 1900, was the owner of certain real estate in the city of New York; and the appellant, Fallon, and one Maria T. Hallinan, desiring to purchase the same, entered into an agreement with the association for the accomplishment of that purpose, and by which they subscribed for 48.8 shares of the capital stock of the association, and paid to it, on account of the premium and contract price, $430. This stock was assigned to the association as collateral security for their agreement to pay, "for a term coextensive with the term required to mature or fully pay the aforesaid shares of stock, which term it is estimated will be about twelve years, at the monthly rental of Thirty-four and $35/100$ dollars to be paid on the first of each and every month in advance during said term." The agreement further provided that if Fallon and Hallinan performed all the covenants contained in the agreement, and made the payments as therein provided, they were to have in the meantime the quiet and peaceable possession of the premises, and at the expiration of the term the association was to give to them a good and sufficient deed. It also provided that "if any rents shall be due and unpaid for a period of sixty days or default shall be made by the parties of the second part as to any of the covenants hereinafter contained," then the association might re-enter said premises and repossess the same. The premises, at the time the agreement was made, were subject to a mortgage of $3,000. On the 9th of August, 1902, in consideration of the payment of $50, the monthly payments were reduced to $33.94. On the 17th of September, 1902, Hallinan transferred her interest to Fallon, and he thereafter made the monthly payments prescribed, down to the 6th of July, 1903. On the 12th of September, 1903, the respondent Preston was appointed temporary receiver of the association, and his appointment made permanent on the 24th of February, 1904. Thereafter the premises were sold in an action brought to foreclose the mortgage above referred to, and on the sale a surplus was realized over and above the amount due on the mortgage, with interest and costs, of $894.77. This surplus was claimed by the receiver and also by Fallon, and a reference was ordered to determine the rights of the respective parties thereto. The

referee reported that Fallon, having made default in his payments, thereby relinquished his right to damages against the association for breach of contract on its part to convey; that the receiver, upon his appointment, became the owner of the equity of redemption in the property foreclosed, and, by reason thereof, was entitled to the whole of the surplus money; and that the capital stock of the company deposited by Fallon as security should remain "for final adjustment by the receiver." An order was subsequently made confirming in all respects the report of the referee, and Fallon has appealed.

I am of the opinion that the order appealed from should be affirmed, but only so far as it directs the payment of the whole surplus to the receiver. At the time the receiver was appointed, Fallon was not in default. He had paid the monthly payments agreed to be paid to the 6th of July. He had not paid what was due on the 1st of August or on the 1st of September, but the agreement expressly provides that the association could not re-enter until the monthly payments had remained unpaid "for a period of sixty days." He, at most, therefore, was in default only 42 days. His rights under the contract had not then been terminated, nor had his failure to pay for that period deprived him, upon complying with its terms, of the right to damages for a breach of it. Nor was there any obligation upon his part to make further payment after the receiver was appointed. Rochester Savings Bank v. Whitmore, 25 App. Div. 491, 49 N. Y. Supp. 862, and cases cited. The association was insolvent, and, by reason thereof and the appointment of the receiver, had become incapable of proceeding further under the contract; and the foreclosure of the mortgage, resulting in a sale, had put it beyond the power of the receiver, even if he would have had a right to do so, to give the deed which the association had contracted to give. This relieved Fallon from further performance. Hall v. Stowell, 75 App. Div. 21, 77 N. Y. Supp. 953. And the interest of both parties in the subject-matter of the contract was thereafter to be determined according to their respective equities. These equities, however, cannot be determined until all of the assets of the association have been marshaled, and its liabilities ascertained. It is clear, upon the facts presented, that the receiver is not entitled to the whole surplus, and it is equally clear that the interest which Fallon has therein cannot at this time be ascertained. At the hearing before the referee, Fallon attempted to prove what improvements he had put upon the premises. His efforts, however, were ineffectual; the referee excluding all evidence bearing on that subject. The evidence was properly excluded, inasmuch as the referee could not determine what allowance, if any, should be made by reason of them. This, however, will be a proper subject for consideration on a final adjustment of the affairs of the association, when the rights of the respective parties are determined and settled according to their equities.

The order appealed from therefore should be modified as indicated in this opinion, and, as thus modified, affirmed, without costs to either party. All concur.